ROBERT BRIAN BLACK          7659
BENJAMIN M. CREPS           9959
DÉVI DIANA STONE CHUNG      12173
Public First Law Center
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@publicfirstlaw.org
ben@publicfirstlaw.org
fellow@publicfirstlaw.org
Telephone:  (808) 531-4000
Facsimile:  (808) 380-3580

*Attorneys for Public First Law Center*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE: PUBLIC FIRST LAW CENTER,<br><br>　　　　　Movant. | MISC. NO. 26-10<br>[CR. NO. 22-00048-TMB-NC]<br><br>MOTION TO UNSEAL COURT RECORDS; and CERTIFICATE OF SERVICE |

**MOTION TO UNSEAL COURT RECORDS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ i

TABLE OF AUTHORITIES ................................................................................. ii

I.  FACTUAL BACKGROUND ....................................................................... 3

II. THE PUBLIC HAS A PRESUMED CONSTITUTIONAL RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS, INCLUDING PRETRIAL AND DETENTION PROCEEDINGS. ................................................. 7

III. THE PROPONENTS OF SEALING HAVE NOT MET THEIR BURDEN TO JUSTIFY SEALING THE SUBJECT RECORDS. ........................................... 9

IV. THE PUBLIC HAS A PRESUMED COMMON LAW RIGHT OF ACCESS TO THE SUBJECT RECORDS. ........................................................................ 11

V.  NOTHING SUPPORTS SEALING THE ENTIRETY OF THE SUBJECT RECORDS. ............................................................................................................ 12

VI. THE SEALED FEBRUARY 26, 2024 TRANSCRIPT SHOULD BE UNSEALED BECAUSE THE BASIS FOR SECRECY NO LONGER EXISTS. 13

CONCLUSION ..................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Civil Beat Law Ctr. for the Pub. Int., Inc. v. Maile*, 113 F.4th 1168 (9th Cir. 2024) ...............................................................................................................8, 13

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) ................12

*In re Copley Press, Inc.*, 518 F.3d 1022 (9th Cir. 2008)..........................................10

*In re Midland Nat'l Life Ins. Co Annuity Sales Practices Litig.*, 686 F.3d 1115 (9th Cir. 2012) .............................................................................................................11

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ..................12

*Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940 (9th Cir. 1998)...9, 11, 13

*Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501 (1984).............................................8

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) ................................7

*Seattle Times Co. v. U.S. Dist. Ct.*, 845 F.2d 1513 (9th Cir. 1988).................8, 9, 10

*United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011)..........................................................................................11, 12

*United States v. Index Newspapers LLC*, 766 F.3d 1072 (9th Cir. 2014) .................7

**Rules**

Criminal Local Rule 5.2 ..............................................................................................1

Pursuant to the constitutional right of access provided by the First Amendment to the United States Constitution and the common law, and in accordance with Criminal Local Rule 5.2(b)(4), Public First Law Center (Public First) respectfully moves to unseal the following sealed docket entries in *United States v. Kaneshiro*, Case No. Cr. 22-00048-TMB (collectively, subject records).

- Dkt. 356:  Government's Motion to File Under Seal and for Protective Order;
- Dkt. 357:  Order Granting Government's Motion;
- Dkt. 359:  Order Sua Sponte Granting Defendant Tanaka's Request to File Response and Notice Under Seal;
- Dkt. 360:  Tanaka's Request to File Under Seal and Response Re 356;
- Dkt. 361:  Notice;
- Dkt. 363:  Order on Tanaka's Sealed Response Re 360;
- Dkt. 366:  Order; Exhibit 2;
- Dkt. 371:  Tanaka's Ex Parte Motion;
- Dkt. 379:  Minute Order re 371;
- Dkt. 399:  Order Re 371;
- Dkt. 400:  Tanaka's Motion to Seal and for Protective Order;
- Dkt. 401:  Tanaka's Ex Parte Motion and Declaration of Counsel;
- Dkt. 403:  Order Re 400;
- Dkt. 404:  Tanaka's Motion to Continue Trial Date;
- Dkt. 405:  Tanaka's Motion to Sever Trial from Co-Defendants';
- Dkt. 410:  Defendant Mitsunaga's Motion for Leave to File Under Seal;

1

- Dkt. 416:  Order Granting Defendant's Motion to Seal Re 410;

- Dkt. 417:  Defendant's Motion for Joinder to Tanaka's Sealed Motion to Sever Trial from Co-Defendants;

- Dkt. 418:  Defendant's Response in Opposition to Tanaka's 404 Sealed Motion to Continue Trial;

- Dkt. 428:  Government's Response in Opposition to Tanaka's Motion to Sever and Related Joinders; and

- Dkt. 475:  Sealed Transcript of Proceedings held February 26, 2025.

The subject records (with one exception[1]) all ostensibly relate to Defendant Sherri Tanaka's March 2024 bail review hearing and the "potential allegation" that caused the presiding judge and every other judge in the District of Hawaii to recuse from the case.

Sealing a record in a criminal proceeding requires a compelling interest and an irreparable harm to that interest; and the sealing must be as narrow as possible. There must be a motion and findings by the court before sealing—so the public can understand what was sealed and why it was sealed.

Here, however, there are no publicly available motions to seal or orders sealing the subject records.  To the extent a sufficient showing of irreparable harm to a compelling interest was made to justify sealing initially, there is nothing in the record to suggest total secrecy remains necessary today.  Fair trial concerns

---

[1] Dkt. 475 is the sealed portion of a transcript for a motion in limine hearing that no longer needs to be sealed.

vanished with the Defendants' acquittal. And the basic underlying facts—an alleged murder-for-hire conspiracy that Tanaka claims was actually an attempt to extort her—have been reported publicly, as the presiding judge subsequently acknowledged.

Although this high-profile corruption case is now closed, there remains ongoing and significant public interest in understanding these events. The subject records should be unsealed.

## I.  FACTUAL BACKGROUND

In 2022, several employees of Mitsunaga & Associates, Inc., its owner, and its attorney were indicted for a bribery scheme involving the former Honolulu Prosecuting Attorney. Dkt. 1; Dkt. 70.[2]

On January 25, 2024, Judge J. Michael Seabright recused. Dkt. 351. District of Alaska Judge Timothy M. Burgess was assigned to this case after all judges in this district recused. Dkt. 352; Dkt. 478 at PageID.8713. In the wake of these recusals, a multitude of filings were submitted under seal:

- On January 26, 2024, the Government moved to seal and for a protective order [Dkt. 356] which this Court immediately granted [Dkt. 357].

- On January 31, this Court sua sponte granted Tanaka's request to file a sealed response and notice [Dkt. 359]; and Tanaka filed the same under seal, together with a sealed request to file under seal [Dkt. 360, 361]. The Court

---

[2] Unless otherwise stated, "Dkt." refers to the docket of *United States v. Kaneshiro*, No. 22-CR-48.

3

then entered two sealed orders—one referenced Tanaka's sealed request and response [Dkt. 363] and the other attached an exhibit [Dkt. 366].

- On February 1, Tanaka filed an unspecified ex parte motion, under seal [Dkt. 371], without a motion to seal. A sealed minute order followed [Dkt. 379].

- On February 5, Tanaka filed a motion to seal and for a protective order [Dkt. 400] and another unspecified ex parte motion [Dkt. 401], both under seal.

- On February 6, this Court entered two sealed orders [Dkt. 399; 403] each referencing Tanaka's two ex parte motions. Dkt 371, 400. That same day, Tanaka filed a sealed motion to continue trial [Dkt. 404] and to sever her trial [Dkt. 405], without a motion to seal.

- On February 8, Defendant Mitsunaga filed a sealed motion to seal [Dkt. 410] and a notice of sealed filing [Dkt. 412]. The Court granted the motion to seal by sealed order entered February 12 [Dkt. 416].

- On February 12, Defendants filed a sealed motion to join Tanaka's motion to sever [Dkt. 417], without a motion to seal, and the Government filed a sealed response to Tanaka's motion to continue trial [Dkt. 418], also without a motion to seal.

- On February 14, the Government moved to seal its response to Tanaka's motions to sever and continue trial, and related joinders [Dkt. 426], which the Court granted on February 15 [Dkt. 427]. The Government filed its sealed response on February 15 [Dkt. 428].

On February 23, Northern District of California Magistrate Judge Nathaniel H. Cousins held a bail review hearing for Tanaka. Dkt. 452, 478. Pretrial Services disclosed it "requested the bail review hearing based on information provided by the United States Marshal Service in the District of Hawaii, alleging that [Tanaka] is under United States Marshal Service investigation for making threats and/or being involved in threatening a United States Marshal protectee." Dkt. 478 at PageID.8719-22. It continued, "The Marshals provided information that a search

warrant was executed on [Tanaka's] residence in January of 2024. Pretrial Services did contact the U.S. Attorney's Office in the Southern District of California and the District of Arizona. No information -- additional information was provided by the District of Arizona aside from face sheets for the search warrants." *Id*.

Tanaka's counsel then orally moved to seal the hearing to respond to the new information, on the basis of "witness safety." *Id*. at PageID.8732-45. The Court denied the motion, reasoning that Tanaka could provide a generalized proffer of evidence as a less restrictive alternative to closure. *Id*. Which counsel then did: "At this point, we would proffer the testimony of witnesses that would make clear that Ms. Tanaka was the victim of extortion." *Id*. at PageID.8747. The Court determined that no evidence supported changing Tanaka's pretrial supervision. *Id*. at PageID.8756-59.

Media outlets subsequently reported that the Federal Bureau of Investigation was investigating Tanaka over allegations that she was involved in a murder-for-hire scheme targeting Judge Seabright and federal special prosecutor Michael Wheat. *E.g.* Christina Jedra & Stewart Yerton, *Defense in Hawai`i Corruption Case Denies Involvement in Murder Conspiracy*, Honolulu Civil Beat (Feb. 23, 2024). Tanaka's lawyer spoke to the press and repeated the claim that his client

was "a victim of extortion" and added, "[a]fter money changed hands, an informant told the feds – falsely – that it was a payoff for a hit[.]" *Id.*

On February 26, the Court heard various pretrial motions. Dkt. 474. As it concerned Tanaka's sealed motions to sever and to continue the trial date, Tanaka's counsel explained that since January 23, "Government effectuated a series of search warrants, turning what was previously a secret covert investigation into some very serious allegations in an overt investigation." *Id.* at PageID.8454. Counsel then discussed with Judge Burgess whether to seal the courtroom. *Id.* at PageID.8455-57. The Government pointed out and Judge Burgess acknowledged that "a lot of information that's been – that's out in the public." *Id.* at PageID.8456, 8471-72 ("You know, cat's out of the bag at this point as far the fact there is another investigation, which means we can handle it in careful jury selection, doesn't it?"). The hearing proceeded publicly, and Tanaka's counsel openly discussed the nature of the investigation concerning threats against Judge Seabright and AUSA Wheat. *E.g.*, *id.* at PageID.8458.

Later in the hearing, on an oral motion to seal by Tanaka, the Court sealed a portion of the hearing concerning three motions in limine (Defendants' Nos. 12 and 13 and Government's No. 5) to protect the secrecy of grand jury proceedings. *Id*. at PageID.8611-14; *see also* Dkt. 475. Those motions and the related grand jury materials were later unsealed. Dkt. 874.

The Court empaneled a jury on March 19; trial began the following day and was completed on May 17, when the jury returned a verdict of not guilty for all Defendants on all counts. *See* Dkt. 559; Dkt. 837.

## II. THE PUBLIC HAS A PRESUMED CONSTITUTIONAL RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS, INCLUDING PRETRIAL AND DETENTION PROCEEDINGS.

"America has a long history of distrust for secret proceedings." *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084 (9th Cir. 2014). The tradition of public access to criminal proceedings, for example, "can be traced back beyond reliable historical records." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-68 (1980) (plurality opinion). Public access to these proceedings "is no quirk of history; rather, it has long been recognized as an indispensable attribute of an Anglo-American trial." *Id.* at 569.

"By offering such protection, the First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper*, 457 U.S. at 604. "[T]he public has an intense need and a deserved right to know about the administration of justice in general; about the prosecution of local crimes in particular; about the conduct of the judge, the prosecutor, defense counsel, police officers, other public servants, and all the actors in the judicial arena; and about the trial itself." *Richmond Newspapers*, 448 U.S. at 604 (Blackmun, J., concurring).

7

"[Openness] gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias or partiality." *Id.* at 569 (plurality opinion); *accord Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 508 (1984) [*Press-Enter. I*] ("[T]he sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known."). "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers*, 448 U.S. at 572 (plurality opinion).

The Ninth Circuit has long held that the First Amendment right of access applies to pretrial proceedings and documents concerning detention of criminal defendants. *Seattle Times Co. v. U.S. Dist. Ct.*, 845 F.2d 1513, 1517 (9th Cir. 1988) ("We hold, therefore, that the press and public have a right of access to pretrial release proceedings and documents filed therein."). The Ninth Circuit continues to broadly interpret the public's right of access to apply to "nearly every stage of post-indictment criminal proceedings, including pretrial proceedings, preliminary hearings, voir dire, trials, and post-conviction proceedings, as well as records filed in those criminal proceedings." *Civil Beat Law Ctr. for the Pub. Int., Inc. v. Maile*, 113 F.4th 1168, 1176 (9th Cir. 2024).

8

No matter the outcome of a detention proceeding, the public has a compelling interest in understanding and scrutinizing the process. *E.g.*, *Seattle Times*, 845 F.2d at 1516-17 ("Public interest in the conditions of pretrial release is understandably great because the community is directly affected."). "Openness of the proceedings will help to ensure this important decision is properly reached and enhance public confidence in the process and result." *Id.*

### III. THE PROPONENTS OF SEALING HAVE NOT MET THEIR BURDEN TO JUSTIFY SEALING THE SUBJECT RECORDS.

When the First Amendment right of access applies—as here—the party seeking closure bears the burden to "present facts supporting closure and to demonstrate that available alternatives will not protect his [or her] rights." *Oregonian Publ'g Co.*, 920 F.2d at 1467. In order to seal a record or hearing, the proponent of sealing must prove that: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998). The findings may not be based on "conclusory assertions." *Id*.

Here, the proponents of secrecy have not met their burden to override the strong constitutional presumption of openness. No public explanations were given for sealing the subject records—many were sealed without the procedural

9

prerequisites of a written motion and findings.  *E.g.*, Dkt. 344, 371, 404, 405, 417, 418.  Where a motion to seal was filed, and a sealing order was entered, those too were sealed, obscuring from public view the bases for closure.  *E.g.*, Dkt. 363, 366, 410, 416; *see also In re Copley Press, Inc.*, 518 F.3d 1022, 1027-28 (9th Cir. 2008) ("logic requires that at least part of these hearings be open to the public, because one of their purposes is to give the public an opportunity to be heard").  If sealing an entire court record from public view is justified, the proponent of secrecy should be able to articulate the general justification using public information.

Nor does the nature of the potential allegations against Tanaka justify blanket, automatic sealing of the subject records.  In *Seattle Times*, for example, the Ninth Circuit ordered disclosure of detention related documents that "described the evidence against [the defendant]—particularly her motive, method of operation, physical evidence linking her to the crime, the results of the polygraph examination, and her prior convictions."  *Id.*  And even though "[s]ome of this evidence will not be admissible at trial," the Ninth Circuit recognized that the right of access nonetheless required disclosure. *Id.* at 1517-18.

Here, similar facts as *Seattle Times* demand a similar outcome.  With one exception discussed below, all of the subject records ostensibly concern the alleged criminal activity of Tanaka while on pretrial release—either in connection with her bail review hearing or her request to sever or continue trial.  Moreover, there can

be no fair trial concerns here because the case is over. All Defendants have been acquitted.

Separate from whether sealing was justified in the first instance, is the question of whether continued sealing remains proper today. Nothing in the record suggests that witness safety, or any other compelling interest, continues to justify maintaining all of the subject exhibits under seal. As this Court noted:

> And a number of 9th circuit cases speak to that, that even something sealed is not presumptively sealed forever in a criminal proceeding. It should be for a period of time when the danger, the threat, the prejudice has passed. And when it comes to witness safety or juror safety or safety -- it may be that that will eclipse at some point in the future, and that's a way to balance the interests.

Dkt. 478 at PageID.8737; *accord, e.g., In re Midland Nat'l Life Ins. Co Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) ("Compelling reasons must continue to exist to keep judicial records sealed."); *Phoenix Newspapers, Inc.*, 156 F.3d at 947-48 ("transcripts of properly closed proceedings must be released when the danger of prejudice has passed."). That point in the future is now.

### IV. THE PUBLIC HAS A PRESUMED COMMON LAW RIGHT OF ACCESS TO THE SUBJECT RECORDS.

The public also has a common law right to access judicial records and court documents. *United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011). Other than grand jury transcripts and warrant materials in the midst of a pre-indictment investigation, which are documents that

11

have been "traditionally kept secret," there is a "strong presumption in favor of access" to all other court records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

For the common law analysis, the "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by . . . articulating compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure." *Custer Battlefield*, 658 F.3d at 1194-95. A court presented with a motion to seal must balance the competing interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1195. "[T]he court may not restrict access to the documents without articulating both a compelling reason and a factual basis for its ruling." *Id.* at 1196.

As noted, there is no public explanation to justify maintaining the subject records under seal. They should be unsealed.

## V. NOTHING SUPPORTS SEALING THE ENTIRETY OF THE SUBJECT RECORDS.

Even if a compelling interest existed and there was a substantial probability that disclosure would harm such an interest, the scope of sealing must be narrowly tailored to address the purported harm. There must be no other less drastic alternative to sealing the entire filing. *Oregonian Publ'g Co.*, 920 F.2d at 1467;

12

*Phoenix Newspapers, Inc.*, 156 F.3d at 949.  Thus, if the Court identifies specific reasons why full disclosure is not warranted, selective redactions would provide an alternative to complete sealing.  *E.g.*, *Maile*, 113 F.4th at 1179.  ("[E]ven assuming that every filed record implicates an identically strong privacy interest, we expect that selective redaction could sufficiently protect that interest in many instances.").  There is no showing in the record that redaction is insufficient to protect any compelling interest.

### VI.   THE SEALED FEBRUARY 26, 2024 TRANSCRIPT SHOULD BE UNSEALED BECAUSE THE BASIS FOR SECRECY NO LONGER EXISTS.

This Court sealed a portion of the February 26, 2024 proceedings—that which related to Defendants motions in limine no. 12 and 13 and the Government's motion in limine no. 5—on the grounds that closure was needed to protect grand jury secrecy.  Dkt. 474 at PageID.8611-14; Dkt. 475.  Several of the filings submitted in connection with those three motions in limine were filed under seal.  *See* Dkt. 421, 422 and 423.  The Court's order resolving the motions was also sealed.  Dkt. 511.  This Court unsealed those filings on July 15, 2024, "noting that the preservation of grand jury secrecy under Rule 6(e) is no longer a concern given the close of evidence and the conclusion of trial in that case."  Dkt. 874.  The transcript of the hearing on those motions however, remains under seal and should be unsealed for the same reason.  Dkt. 475.

13

## CONCLUSION

For the foregoing reasons, Public First respectfully requests this Court that the court unseal Dkt. 356, 357, 359, 360, 361, 363, 366, 371, 379, 399, 400, 401, 403, 404, 405, 410, 416, 417, 418, 428, and 475.

DATED:  Honolulu, Hawai`i, January 16 2026

/s/ Dévi D. S. Chung
ROBERT BRIAN BLACK
BENJAMIN M. CREPS
DEVI D. S. CHUNG
Public First Law Center
*Attorneys for Movant Public First Law Center*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE: PUBLIC FIRST LAW CENTER,<br><br>Movant. | MISC. NO. 26-10<br>[CR. NO. 22-00048-TMB-NC]<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below a true and correct copy of the foregoing will be served on the following at their last known addresses:

Served Electronically:

| | | |
|---|---|---|
| Birney B. Bervar | bbb@bervar-jones.com | January 16, 2026 |
| Thomas M. Otake | thomas@otakelaw.com | January 16, 2026 |
| Crystal Gail K. Glendon | crystal@glendonponce.com | January 16, 2026 |
| Doris Lum | doris@dorislumlaw.com | January 16, 2026 |
| John M. Schum | john@johnschum.com | January 16, 2026 |
| Andrew M. Kennedy | andrew@kona-lawyer.com | January 16, 2026 |
| Michael Wheat | michael.wheat@usdoj.gov | January 16, 2026 |
| Janaki Gandhi Chopra | janaki.chopra@usdoj.gov | January 16, 2026 |
| Colin M. McDonald | colin.mcdonald@usdoj.gov | January 16, 2026 |
| Joseph J.M. Orabona | joseph.orabona@usdoj.gov | January 16, 2026 |
| Andrew Chiang | andrew.chiang@usdoj.gov | January 16, 2026 |
| Nina Marino | marino@kaplanmarino.com | January 16, 2026 |
| Jennifer Lieser | lieser@kaplanmarino.com | January 16, 2026 |
| Mark Mermelstein | mmermelstein@holmesathey.com | January 16, 2026 |
| Andrew S. Cowan | acowan@holmesathey.com | January 16, 2026 |

DATED: Honolulu, Hawai`i, January 16, 2026.

/s/ Dévi D. S. Chung
Dévi D. S. Chung
*Attorney for Movant Public First Law Center*