MINUTE ORDER

CASE NUMBER: MISC. NO. 26-00010 SASP-KJM

[Related Case: CR. NO. 22-00048 TMB-NC]

CASE NAME: In Re: Public First Law Center

| | | | |
|---|---|---|---|
| JUDGE: | Shanlyn A.S. Park | DATE: | 02/17/2026 |

COURT ACTION: **EO: ORDER GRANTING PUBLIC FIRST LAW CENTER'S MOTION TO UNSEAL COURT RECORDS, FILED JANUARY 16, 2026 [ECF NO. 1]**

Defendants Keith Mitsuyoshi Kaneshiro, Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald, and Sheri Jean Tanaka were charged via Indictment in *United States v. Keith Mitsuyoshi Kaneshiro et al.*, Cr. No. 22-00048 TMB-NC ("*Kaneshiro* matter"), with conspiracy to commit offenses against the United States, namely (1) honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, and (2) two forms of federal bribery in violation of 18 U.S.C. § 666(a)(1)(B) and (a)(2). A jury trial in the *Kaneshiro* matter resulted in an acquittal of all defendants on all counts.

Before the Court is Public First Law Center's ("Public First") Motion to Unseal Court Records ("Motion"), filed January 16, 2026, seeking access to multiple sealed filings in the *Kaneshiro* matter related to allegations against Defendant Sherri Tanaka who, prior to the commencement of trial, was allegedly under investigation by the United States Marshal Service "for making threats and/or being involved in threatening a United States Marshal protectee." [ECF No. 1 at PageID.7 (citation omitted).] Arguing First Amendment and common law rights of public access to courts, as well as invoking CrimLR5.2(b)(4) of the Local Rules of Practice for the United States District Court for the District of Hawaii, the Motion asserts that sealing criminal records requires a compelling interest, proof of irreparable harm, and narrow tailoring, supported by a public motion and court findings, but there are no publicly available motions or orders sealing the records in question. [*Id.* at PageID.4–5.] The Motion contends that any initial fair-trial

justifications have disappeared because all defendants were acquitted, and the core facts about the alleged murder-for-hire or extortion theory have been disclosed to the public and acknowledged by the presiding judge. [*Id.* at PageID.5–6.] The Motion also seeks to unseal that portion of the February 26, 2024, transcript previously sealed to protect grand jury secrecy, explaining that the Court has already unsealed related motions and has found that any concerns under Rule 6(e) of the Federal Rules of Criminal Procedure no longer exist because trial has concluded. [*Id.* at PageID.16.]

On January 21, 2026, this Court issued an entering order allowing any interested parties twenty-one (21) days from the date of the order to file a response to Public First's Motion. [ECF No. 4.] The applicable period has passed, with the Court receiving a single response from the Government stating that it does not oppose the Motion and agreeing that the original reasons for sealing the records no longer exist. [*See* Case No. 1:22-cr-00048-TMB-NC, ECF No. 878 at PageID.12871.]

After careful consideration of the Motion, taking judicial notice of the records and files in this case and the *Kaneshiro* matter, and having received no objection to the request, this Court GRANTS Public First's Motion.

The Ninth Circuit Court of Appeals has recognized the importance of the First Amendment's presumption of openness in judicial proceedings, which enhances both the fairness of the proceedings and public confidence in the judicial system. *Civ. Beat L. Ctr. for Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1207 (9th Cir. 2024) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Indeed, the First Amendment grants the public a presumptive right to access nearly every stage of post-indictment criminal proceedings, including pretrial proceedings, preliminary hearings, voir dire, trials, and post-conviction proceedings and records. *Id.* at 1208 (citations omitted).

Except for certain records traditionally kept secret for policy reasons, like grand jury proceedings and warrant materials during pre-indictment investigation, there is a strong presumption in favor of access to judicial records. *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, this presumption may be overcome by demonstrating that "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix Newspapers, Inc. v. U.S. Dist. Ct. for the Dist. of Ariz.*, 156 F.3d 940, 949 (9th Cir.

1998) (quoting *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990)). This burden requires specific factual findings rather than conclusory assertions. *Id.* (citing *Oregonian Publ'g*, 920 F.2d at 1466). Even if there is a compelling interest, the scope of the closure must be narrowly tailored to serve that interest. *Id.* (citing *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 9 (1986)). The court must consider alternatives to closure, such as redactions or limited access, and articulate specific reasons for why these alternatives are insufficient. *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 464 U.S. 501, 511 (1984); *Phoenix Newspapers*, 156 F.3d at 950–51.

Here, the First Amendment grants the public a presumed right to access the sealed docket entries specified in Public First's Motion. This presumption of access has not been overcome, as there is no compelling interest that would be harmed in the absence of closure, and the Government in fact acknowledges that the original basis for sealing the documents no longer exists.

Based on the foregoing, Public First's Motion to Unseal Court Records [ECF No. 1] is hereby **GRANTED**. Accordingly, the following documents will be unsealed pursuant to this Order:

- Dkt. 356: Government's Motion to File Under Seal and for Protective Order;
- Dkt. 357: Order Granting Government's Motion;
- Dkt. 359: Order Sua Sponte Granting Defendant Tanaka's Request to File Response and Notice Under Seal;
- Dkt. 360: Tanaka's Request to File Under Seal and Response Re 356;
- Dkt. 361: Notice;
- Dkt. 363: Order on Tanaka's Sealed Response Re 360;
- Dkt. 366: Order; Exhibit 2;
- Dkt. 371: Tanaka's Ex Parte Motion;
- Dkt. 379: Minute Order re 371;
- Dkt. 399: Order Re 371;
- Dkt. 400: Tanaka's Motion to Seal and for Protective Order;
- Dkt. 401: Tanaka's Ex Parte Motion and Declaration of Counsel;
- Dkt. 403: Order Re 400;
- Dkt. 404: Tanaka's Motion to Continue Trial Date;
- Dkt. 405: Tanaka's Motion to Sever Trial from Co-Defendants[];
- Dkt. 410: Defendant Mitsunaga's Motion for Leave to File Under Seal;
- Dkt. 416: Order Granting Defendant's Motion to Seal Re 410;

    • Dkt. 417: Defendant[s'] Motion for Joinder to Tanaka's Sealed Motion to Sever Trial from Co-Defendants;
    • Dkt. 418: Defendant[s'] Response in Opposition to Tanaka's 404 Sealed Motion to Continue Trial;
    • Dkt. 428: Government's Response in Opposition to Tanaka's Motion to Sever and Related Joinders; and
    • Dkt. 475: Sealed Transcript of Proceedings held February 26, 202[4].

[ECF No. 1 at PageID.4–5; *see also* Case No. 1:22-cr-00048-TMB-NC.] The Court directs the Clerk's Office of the United States District Court for the District of Hawaii to unseal said documents within five (5) days from the date of this Order.

IT IS SO ORDERED.